

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2007

# Lnu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lnu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2685

_____

BETY LNU; IRWIN LNU,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Nos. A96-252-504 and A96-252-505)
Immigration Judge: Hon. Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] Circuit Judges.


(Filed: April 20, 2007)

_____

_____

*Honorable David R. Hansen, Senior Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

_____

NYGAARD, Circuit Judge.

## I.

Bety, an ethnic Chinese, Indonesian citizen, entered the United States on a visitor's visa and remained in the United States beyond the expiration of her visa. She was ordered to appear before an immigration court, where she claimed that, over the course of several years, native Indonesians looted her father's business, sexually assaulted her, and robbed her and her husband. The Immigration Judge denied her requests for asylum and withholding, and the BIA denied her subsequent appeal. We will deny her petition for review.[1]

## II.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. We will uphold the IJ's findings if they are supported by "reasonable, substantial and probative evidence on the record considered as a whole." *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004).

---

1.  Bety's husband, Irwin, did not file his own petition for relief and instead sought relief pursuant to his wife's filing.

III.

A.

The Attorney General may grant asylum to an alien who shows she is unable or unwilling to return to her homeland because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Lie v. Ashcroft*, 396 F.3d 530, 534-35 (3d Cir. 2005). The Immigration Judge concluded Bety's complaints related only to sporadic, ordinary criminal acts, or bullying by other children. Moreover, as the IJ noted, the latest State Department Country Reports do not indicate that there is systematic, pervasive, or organized persecution of Chinese women. With respect to her alleged fear of future persecution, the IJ pointed out that her husband failed to corroborate her claims, and that her family has remained in Indonesia unharmed since she left for the United States. This latter fact diminished the reasonableness of her fear of future persecution in Indonesia. *Lie*, 396 F.3d at 537. We conclude the IJ's findings are supported by substantial evidence.

B.

To obtain withholding of removal under the Immigration and Nationality Act, an alien must show a clear probability that her life would be threatened on account of her race, religion, nationality, membership in a particular group, or political opinion. The IJ concluded Bety was victim to ordinary criminal acts and bullying, not persecution on

3

account of her race, nationality or religion. Again, we conclude the IJ's findings were supported by substantial evidence.

## C.

To obtain protection from removal under the Convention Against Torture, an applicant must show that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002). The CAT defines torture as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. §208.18(a)(1) (2007). Bety failed to show any evidence that she would be subjected to torture by, or with the acquiescence of, public officials in Indonesia.

## IV.

We conclude the Immigration Judge's decision to deny Bety asylum and withholding of removal under both the INA and CAT was supported by substantial evidence. Accordingly, we will deny Bety's petition for review.

4